*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA KAPANOWSKI,

        Plaintiff-Appellant,

v

SHERWOOD R. KRAUSE, d/b/a ALL
PARTITIONS AND PARTS, LLC, and DEBORAH
BERSCHBACH,

        Defendants-Appellees.

UNPUBLISHED
September 29, 2022

No. 357559
Oakland Circuit Court
LC No. 2020-183157-CD

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

MARKEY, J. (*dissenting*).

I would affirm the trial court's order granting defendants' motion for summary disposition with respect to plaintiff's suit under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.* Accordingly, I dissent.

MCL 15.362 provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

In *Wurtz v Beecher Metro Dist*, 495 Mich 242, 251-252; 848 NW2d 121 (2014), our Supreme Court explained:

Drawing from the statutory language, this Court has identified three elements that a plaintiff must demonstrate to make out a prima facie case that the defendant employer has violated the WPA:

(1) The employee was engaged in one of the protected activities listed in the provision.

(2) [T]he employee was discharged, threatened, or otherwise discriminated against regarding his or her compensation, terms, conditions, location, or privileges of employment.

(3) A causal connection exists between the employee's protected activity and the employer's act of discharging, threatening, or otherwise discriminating against the employee. [Citations omitted.]

With respect to the third element, the majority relies on a causal connection *solely* between the termination of plaintiff's employment and plaintiff's alleged protected activity in e-mailing the governor's office with a request to shut down FCA Chrysler plants, one of which was where respondent's husband worked, in order to protect workers from COVID-19. On the day of and shortly before plaintiff's termination, defendant Deborah Berschbach made a patently exasperated comment during an emotional verbal exchange with plaintiff that plaintiff should contact the governor if she had concerns. And plaintiff retorted that she had "already e-mailed the governor's office." As the majority acknowledges, the e-mail plaintiff had sent to the governor long prior to this verbal in-office exchange had nothing to do with defendants or reporting suspected COVID-19 protocol violations at plaintiff's place of employment. Moreover, Berschbach was unaware of the true nature or timing of the e-mail to the governor. The majority finds that "[t]he only conclusion that Berschbach could draw from the context of [plaintiff's] statement was that [plaintiff] had reported to the governor's office that defendants were not complying with emergency safety protocols put in place early in the COVID-19 pandemic." I disagree with that conclusion—as did the trial court--because the facts in their entirety and in context simply do not support it.

What the majority ignores or overlooks is that the protected activity must involve a report or a plan to report, verbally or in writing, a violation or a suspected violation of a law, regulation, or a promulgated rule. MCL 15.362. The e-mail plaintiff purportedly sent to the governor's office had absolutely nothing to do with such a report, and Berschbach's *possible* perception to the contrary is ultimately irrelevant, as it should be. In *Chandler v Schlumberger*, 214 Mich App 111, 123; 542 NW2d 310 (1996), this Court held "that, consistent with both the purpose and the plain language of the WPA, the Legislature has not provided protection under the act to employees discharged because of an erroneous belief that they have reported legal violations to a public body." *Chandler* is binding precedent. MCR 7.215(J)(1). It cannot be ignored by this Court. Any causal connection between the e-mail plaintiff may have sent previously to the governor's office regarding her husband's place of employment and the termination of plaintiff's employment does not suffice to establish a prima facie case under the WPA. Patently, the sent e-mail did not entail or constitute protected activity when it did not concern a violation of law or even pertain to plaintiff's employer, i.e., defendants. Moreover, while the reports that plaintiff did make to governmental agencies may have constituted protected activity, they cannot serve to support the

WPA claim here because Berschbach was wholly unaware of those reports when she fired plaintiff. Consequently, it is impossible to establish the requisite causal connection the WPA mandates.

Finally, I note that reading this record as a disinterested party nonetheless left me with the sad and poignant impression that plaintiff was a very long-term, valued employee of a small business, one defendant clearly had no desire to lose and had endeavored to accommodate. Plaintiff, however, had very deep, consuming concerns about COVID-19 that drove both her personal and work life to an extent that made it difficult for her and her co-workers to work together harmoniously. That is the sentiment and conclusion that Berschbach herself essentially articulated as her reason for letting plaintiff go, not plaintiff's response to Berschbach's obviously facetious challenge to plaintiff to contact the governor if she had grievances.

In sum, I would affirm the trial court's order granting defendants' motion for summary disposition with respect to plaintiff's WPA lawsuit. Accordingly, I dissent.


/s/ Jane E. Markey